Nancy M. Erfle, WSBA #20644
Email: nefle@grsm.com
Direct Dial: (503) 382-3852
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600

*Attorneys for Defendant Airgas USA, LLC*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| BEAU LEMMERMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AIRGAS USA, LLC, a Delaware Corporation; TAYLOR-WHARTON AMERICA INC., a Delaware Corporation, <br><br> Defendants. | No. 2:21-CV-01458 <br><br> (King County Superior Court Case No. 21-2-12998-2) <br><br> **NOTICE OF REMOVAL** |

Defendant Airgas USA, LLC ("Airgas"), by and through its undersigned attorneys, hereby removes this action from the Superior Court of the State of Washington, King County, to the United States District Court for the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446[1]. Removal is warranted under 28 U.S.C. §

---

[1] By removing this action to this Court, Airgas does not waive any defenses, objections, or motions available under state or federal law. Airgas expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other application grounds.

NOTICE OF REMOVAL – Page 1
No. 2:21-CV-01458

1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Airgas states as follows:

## REMOVAL STANDARD

1.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place such action is pending."

2.      Under 28 U.S.C. § 1332(a)(1), federal courts have original diversity jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States[.]"

3.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).

## THE REMOVED CASE

4.      The removed case is a personal injury action captioned *Beau Lemmerman v. Airgas USA, LLC, et al.*, filed September 30, 2021 in the Superior Court for the State of Washington, King County, and bearing the docket number 21-2-12998-2. The action was commenced by Plaintiff on October 10, 2021, by service of a copy of a Summons, together with the Complaint. A true and correct copy of the Summons, together with the Complaint, Case Information Sheet, and Order Setting Civil Case Schedule, which encompass all documents served upon Airgas, are attached as **Exhibit A**. The Declaration of Service is attached hereto as **Exhibit B**.

## SERVICE AND TIMELINESS OF REMOVAL

5.      This Notice is filed within one year of the commencement of this action.

NOTICE OF REMOVAL – Page 2
No. 2:21-CV-01458

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile :  (503) 616-3600

6.     Airgas was served with the Complaint on October 10, 2021. This Notice of Removal is being filed within thirty (30) days of service of the Complaint, and is therefore timely under 28 U.S.C. § 1446(b).

**VENUE**

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 128(b), 1391, 1441(a), and 1446(a) because the Superior Court of Washington, in and for the county of King, where the Complaint was filed, is a state court within the Western District of Washington. Therefore, the Western District of Washington, Seattle Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**BASIS FOR JURISDICTION**

8.     This Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

**A.     The Diversity of Citizenship Requirement is Satisfied**

9.     At all times material hereto, Plaintiff alleges he is a resident of the State of Washington, *see* Compl. ¶ 1.1. Upon information and belief, Plaintiff is and was, at the time of commencement of this action, a citizen of Washington.

10.     Taylor-Wharton America Inc. is a Delaware corporation with its principal place of business in Austin, Texas. *See* Compl. ¶ 1.3

11.     Airgas is a Delaware limited liability company with its principal place of business in the Commonwealth of Pennsylvania. Therefore, Airgas is a citizen of both Delaware and Pennsylvania for purposed of determining diversity jurisdiction.

12.     Airgas USA, LLC is a wholly owned subsidiary of Airgas, Inc. Airgas, Inc. is not a publicly held entity. Airgas, Inc. is a wholly owned indirect subsidiary of L'Air Liquide S.A.,

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile:  (503) 616-3600

which is a public company whose shares are listed on the Paris Euronext stock exchange. Airgas USA, LLC and Airgas Inc. have no other parent corporations that are publicly held. Based on the foregoing, the citizenship of its members does not impact its citizenship.

13.     Because Plaintiff is a citizen of Washington, and the Defendants are not, complete diversity exists under 28 U.S.C. § 1332.

**B.     The Amount in Controversy Requirement is Satisfied**

14.     Washington law provides that "[i]n any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined." RCE 4.28.360. Where, as here, "the initial pleading seek …. A money judgment, but the State practice …. Does not permit demand for a specific sum," "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A)(ii).

15.     Plaintiff alleges that:

> The incident caused Mr. Lemmerman to suffer a sudden, substantial and permanent hearing loss, as well as tinnitus and otalgia. [Plaintiff] has endured from paint, suffering, inconvenience, mental anguish, disability, emotional distress, and loss of society and companionship…

Compl. ¶ 2.16. He further alleges that he "has suffered a permanent disability" "will continue….the rest of his life."

16.     These allegations indicate that Plaintiff seeks damages that "excee[d] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), because he asserted "permanent disability" (Compl. ¶ 2.16) c into the indefinite future, *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 82, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

/ / /

/ / /

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile :  (503) 616-3600

## INTRADISTRICT ASSIGNMENT

17.   Pursuant to LCR 3(e)(1), Airgas seeks to have this matter assigned to the Seattle Division of this Court as a substantial part of the events or omissions that give rise to plaintiff's claim occurred in Kirkland, King County, Washington.  *See* Compl. ¶ 2.1-2.4.

## PROCEDURAL COMPLIANCE OR FILING OF REMOVAL PAPERS

18.   In accordance with 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served:

**Exhibit A: Plaintiff's Complaint and Summons, together with the Case Information Sheet, and Order Setting Civil Case Schedule**

**Exhibit B: Declaration of Service**

19.   Pursuant to 28 U.S.C. § 128(b), the U.S. District Court for the Western District of Washington, Seattle Division, is the federal judicial district encompassing the Superior Court for the State of Washington, King County, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

20.   Airgas consents to this removal as it is the noticing party. Co-defendant Taylor-Wharton America Inc. also consents to this removal as demonstrated by the contemporaneously-filed Consent to Removal.

21.   No previous application has been made for the relief requested herein.

22.   Written notice of the filing of this Notice of Removal is being served on Plaintiff through his counsel of record, and a copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court or the State of Oregon, King County. *See* 28 U.S.C. § 1446(d).

## CONCLUSION

23.   There is complete diversity between Plaintiff and Defendants and the amount in controversy requirement is satisfied. As a result, this Court has jurisdiction over this action.

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile :  (503) 616-3600

WHEREFORE, Airgas respectfully removes the matter styled *Beau Lemmerman v. Airgas USA, LLC, et al.*, from the Superior Court for the State of Washington, King County, to the U.S. District Court for the Western District of Washington, Seattle Division.

Dated: October 27, 2021 GORDON REES SCULLY MANSUKHANI, LLP

By: s/ Nancy M. Erfle
Nancy M. Erfle, WSBA #20644
nerfle@grsm.com

Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201

*Attorneys for Defendant Airgas USA, LLC*

NOTICE OF REMOVAL – Page 6
No. 2:21-CV-01458

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile :  (503) 616-3600

1

## **CERTIFICATE OF SERVICE**

2      I certify under penalty of perjury under the laws of the United States of America that I am

3   over the age of 18, and on this date I caused a copy of the foregoing **NOTICE OF REMOVAL**

4   to be served as stated below:

5   ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.
6

7   ☐   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, in United States mail in the State of Oregon at Portland, addressed as set
        forth below.
8

    ☒   by transmitting via electronic delivery (e-mail) the attached document(s) to the e-mail
9       address(es) set forth below.

    ☒   by transmitting via electronic delivery the attached document(s) to all attorneys of
10      record using the CM/ECF system.

11

12   Spencer Nathan Thal, WSBA #20074           Jeffrey D. Smith
     Zachariah Nathan William Thal, WSBA #55462  HONIGMAN LLP
13   VANGUARD LAW                                650 Trade Centre Way, Suite 200
     PO Box 939                                  Kalamazoo, MI 49002-0402
14   Poulsbo, Washington  98370                  Phone: 732-251-3623
     Phone: (206) 488-8344                       Fax: 732-312-5218
15   Email: spencer@vanguardlawfirm.com          Email: jsmith@honigman.com
     Email: zach@vanguardlawfirm.com             *Attorneys for Defendant Taylor-Wharton*
16   *Attorneys for Plaintiff*                    *America Inc.*

17

18      **I declare under penalty of perjury under the laws of the United States of America**

    **that the above is true and correct.**
19

20      DATED this 27th day of October, 2021.
                            GORDON REES SCULLY MANSUKHANI, LLP
21

22                      By: *s/ Amy E. Kuntz*
                            Amy E. Kuntz, Legal Assistant
23                          akuntz@grsm.com

24

25
─────────────────────────────────────
26   CERTIFICATE OF SERVICE – Page 1        **GORDON REES SCULLY MANSUKHANI, LLP**
                                             1300 SW Fifth Avenue, Suite 2000
                                             Portland, OR  97201
                                             Telephone:  (503) 382-3852
                                             Facsimile :  (503) 616-3600