IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BEAU LEMMERMAN, an individual<br><br>                Plaintiff,<br><br>       v.<br><br>AIRGAS USA, LLC, a Delaware Corporation;<br>TAYLOR-WHARTON AMERICA INC., a Delaware Corporation,<br><br>               Defendants. | CASE NO. 21-2-12998-2 SEA<br><br>SUMMONS TO AIRGAS USA, LLC |

TO:   Airgas USA, LLC
        c/o CT Corporation System
        711 Capitol Way S STE 204
        Olympia, WA 98501-1267

A lawsuit has been started against you in the above-entitled court by Plaintiff Beau Lemmerman. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty

SUMMONS – Page 1
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 1

(20) days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what Plaintiff asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 20 days after the service of summons, excluding the day of service.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Local Civil Rules for the Superior Court of King County.

Dated this 30th day of September, 2021.



Spencer Nathan Thal, WSBA #20074
Zachariah Nathan William Thal, WSBA # 55462
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone: (206) 488-8344
spencer@vanguardlawfirm.com
zach@vanguardlawfirm.com

*Attorneys for Plaintiff*

SUMMONS – Page 2
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

Exhibit A,
Page 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BEAU LEMMERMAN, an individual<br><br>                Plaintiff,<br><br>      v.<br><br>AIRGAS USA, LLC, a Delaware Corporation;<br>TAYLOR-WHARTON AMERICA INC., a Delaware Corporation,<br><br>                Defendants. | CASE NO.  21-2-12998-2 SEA<br><br>COMPLAINT FOR DAMAGES |

## I.    PARTIES, JURISDICTION AND VENUE

1.1    Plaintiff, Beau Lemmerman, is an individual residing in King County, Washington.

1.2    Defendant Airgas USA, LLC ("Airgas") is a Delaware corporation operating in King County, Washington.

COMPLAINT – Page 1
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 3

1.3     Defendant Taylor-Wharton America, Inc. ("Taylor-Wharton") is a Delaware corporation with its principal place of business in Austin, Texas but produces equipment that is sold and used in the State of Washington.

1.4     This Court has original jurisdiction in this matter pursuant to RCW 2.08.010.

1.5     Venue is proper in King County pursuant to RCW 4.12.020.

## II.     FACTUAL ALLEGATIONS

2.1     At the time of the accident, Beau Lemmerman worked as a veterinary assistant for Seattle Veterinary Specialists ("SVS") in Kirkland, Washington.

2.2     On or about September 5, 2020, Mr. Lemmerman was changing out the hose for an oxygen tank that had been supplied to SVS by Defendant Airgas.

2.3     Upon information and belief, the oxygen tank was produced by Defendant Taylor-Wharton.

2.4     As Mr. Lemmerman was changing out the hose, the pressure valve on the oxygen tank suddenly began leaking air rapidly before rupturing and shooting a blast of compressed air into Mr. Lemmerman's face and generating an extremely loud sound, as if a gunshot went off in his eardrum causing him immediate pain and hearing loss ("the incident").

2.5     Shortly after the accident, SVS Assistant Manager Judy Magbuhat reported the issue to Airgas.

2.6     An Airgas employee confirmed that the tank at issue "had a faulty pressure valve and will be tagged for repair."

2.7     Prior to the incident, Airgas was negligent in that it failed to exercise ordinary care to provide safe products to its customer, SVS, and/or to provide adequate information and/or

COMPLAINT – Page 2
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 4

training regarding necessary safety measures that must be utilized to avoid injury when working with oxygen tanks.

2.8     After the incident, Airgas Specialty Gas Specialist Lee Hiner wrote to Ms. Magbuhat that "However, it is important to mention that those Tanks – definitely release very loud gas bursts at times, we certainly recommend Safety Glasses, Ear plugs and Steel toed Boots for moving cylinders."

2.9     Upon information and belief, prior to the incident, Airgas concealed from SVS critical information about the product.

2.10    Upon information and belief, the tank and/or valve involved in the incident was not reasonably safe as designed.

2.11    Upon information and belief the tank and/or valve involved in the incident was not reasonably safe in construction and/or did not conform to the manufacturer's express warranty or any implied warranty.

2.12    The tank and/or valve involved in the incident was not reasonably safe because adequate warnings or instructions were not provided.

2.13    The incident caused Mr. Lemmerman to suffer a sudden, substantial and permanent hearing loss, as well as tinnitus and otalgia.

2.14    As a result of the incident, Mr. Lemmerman has suffered monetary losses, including medical expenses, loss of earnings, and loss of employment opportunities.

2.15    As a result of the incident, Mr. Lemmerman has endured from pain, suffering, inconvenience, mental anguish, disability, emotional distress, and loss of society and companionship.

COMPLAINT – Page 3
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 5

2.16   Mr. Lemmerman has suffered a permanent disability that he will continue to suffer for the rest of his life, resulting in future medical expenses, loss of earnings, loss of employment opportunities, pain, suffering, inconvenience, mental anguish, emotional distress and loss of society and companionship.

### III.   FIRST CAUSE OF ACTION
### Negligence

4.1   Plaintiff realleges paragraphs 1.1 through 2.16 as though fully set forth herein.

4.2   Defendants' actions and/or omissions constitute negligence under common law insofar as Defendants supplied SVS with a faulty oxygen tank and/or valve that resulted in damage to Plaintiff.

4.3   As a result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial.

### VI.   SECOND CAUSE OF ACTION
### Product Liability
### RCW 7.72

5.1   Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2   Defendant Taylor-Wharton's actions and/or omissions constitute product liability of a manufacturer pursuant to RCW 7.72.030.

5.3   Defendant Airgas' actions and/or omissions constitute product liability of a product seller pursuant to RCW 7.72.040.

5.3   As a result of Defendant's violations of RCW 7.72, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 4
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1. An order finding Defendants were negligent;

2. An order finding Defendants subject to product liability pursuant to RCW 7.72;

3. An order granting Plaintiff damages in an amount to be proven at trial as a result of the actions or omissions of Defendants designed to adequately compensate Plaintiff for past and future medical expenses, loss of earnings, loss of employment opportunities, attorney's fees and costs, and other economic losses in an amount to be proven at trial;

4. An order granting Plaintiff an award of damages as against Defendants for all forms of non-economic losses, including without limitation pain, suffering, inconvenience, mental anguish, disability, emotional distress, and loss of society and companionship;

5. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 30th day of September, 2021.

VANGUARD LAW, LLC



By: _____
Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
Zachariah Nathan William Thal, WSBA # 55462
PO Box 939
Poulsbo WA  98370
Phone:  (206) 488-8344
spencer@vanguardlawfirm.com
zach@vanguardlawfirm.com
*Attorneys for Plaintiff*

COMPLAINT – Page 5
Case No.: 21-2-12998-2 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

Exhibit A,
Page 7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Beau Lemmerman<br><br>vs<br><br>Airgas USA | No. 21-2-12998-2 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

TTO - Tort /Other

**AREA OF DESIGNATION**

SEA      Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| BEAU LEMMERMAN | NO. 21-2-12998-2 SEA |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: WIDLAN, Dept. 53) |
| Airgas USA, LLC and Taylor-Wharton America Inc. | |
| | FILED DATE: 09/30/2021 |
| Defendant(s) | TRIAL DATE:10/03/2022 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
 **You are required to give a copy of these documents to all parties in this case.**

3

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

King County Local Rules are available for viewing at **www.kingcounty.gov/courts/clerk.**

3

Exhibit A,
Page 10

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|   | Case Filed and Schedule Issued. | 09/30/2021 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | 03/10/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 03/10/2022 |
|   | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 03/24/2022 |
|   | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 05/02/2022 |
|   | **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 06/13/2022 |
|   | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | 06/27/2022 |
|   | **DEADLINE** for a Change in Trial Date [See KCLCR 40(e)(2)]. | 06/27/2022 |
|   | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | 08/15/2022 |
|   | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 09/06/2022 |
|   | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 09/12/2022 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 09/12/2022 |
|   | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 09/19/2022 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 09/26/2022 |
|   | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/26/2022 |
|   | Trial Date [See KCLCR 40]. | 10/03/2022 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   09/30/2021

_____
PRESIDING JUDGE

3

Exhibit A,

Page 11

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

3

Exhibit A,

Page 12

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court.**   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

3

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

3